The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ROBERT GRODEN

**DEFENDANTS**
CITY OF DALLAS, TEXAS,
SERGEANT FRANK GORKA, and
CORPORAL RODNEY NEVILS

**(b)** County of Residence of First Listed Plaintiff    Ellis
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Dallas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Alex R. Tandy, Law Office of Alex R. Tandy, 777 Lonesome Dove Trail,
Suite A, Hurst, TX 76054; 817-281-1600

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government
    Plaintiff

☒ 3 Federal Question
    (U.S. Government Not a Party)

☐ 2 U.S. Government
    Defendant

☐ 4 Diversity
    (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |    Med. Malpractice | ☐ 625 Drug Related Seizure |    28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |    Liability | ☐ 365 Personal Injury - |    of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |    Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
|    & Enforcement of Judgment |    Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |    Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent |    Corrupt Organizations |
| ☐ 152 Recovery of Defaulted |    Liability |    Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|    Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** |    Safety/Health | | ☐ 490 Cable/Sat TV |
|    (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment |    Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) |    Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle |    Property Damage |    Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract |    Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |    12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |    Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |    Injury | |    & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |    Sentence | ☐ 791 Empl. Ret. Inc. |    or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** |    Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land |    Accommodations | ☐ 530 General | |    26 USC 7609 |    Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |    Under Equal Access |
| |    Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | |    to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition |    Alien Detainee | | ☐ 950 Constitutionality of |
| |    Other | | ☐ 465 Other Immigration | |    State Statutes |
| | ☒ 440 Other Civil Rights | |    Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
    Proceeding

☐ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 Transferred from
    another district
    (specify)

☐ 6 Multidistrict
    Litigation

☐ 7 Appeal to District
    Judge from
    Magistrate
    Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Violation of Plaintiff's rights secured by the First, Fifth, and Fourteenth Amendments of the U.S. Constitution

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
   UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions)
PENDING OR CLOSED:

JUDGE _____ DOCKET NUMBER _____

DATE
06/30/2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), Fed. R. Civ. P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers, or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress, or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity** Example         U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, Fed. R. Civ. P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand, such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference cases that are related to this filing, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is "related" to this filing if the case: (1) involves some or all of the same parties and is based on the same or similar claim; (2) involves the same property, transaction, or event; (3) involves substantially similar issues of law and fact; and/or (4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ROBERT GRODEN** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. _____** |
| **CITY OF DALLAS, TEXAS,** | § | |
| **SERGEANT FRANK GORKA, and** | § | |
| **CORPORAL RODNEY NEVILS** | § | |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**& APPLICATION FOR INJUNCTIVE RELIEF**

A. Parties

1.      Plaintiff, Robert Groden, is an individual that is a citizen of the State of Texas and resident of Dallas County.

2.      Defendant, the CITY OF DALLAS, Texas (hereafter Defendant "City" or "Dallas"), an incorporated municipality of the State of Texas, situated primarily in Dallas County, Texas. At all relevant times alleged herein, the City of Dallas was acting under color of state law by and through its agents or employees, specifically the Dallas Police Department and it's officers, who were acting within the course and scope of their agency or employment. The City is a city manager form of government and is responsible, ultimately, for the operation of its municipal government pursuant to Article 1175, Texas Revised Statutes, and, pursuant to 42 U.S.C. § 1983, bears responsibility for municipal policies, customs, practices, and procedures which violate the constitutional or statutory rights of the Plaintiff. The City

may be served by delivering a copy of he summons and of the complaint to the City Secretary, Ms. Deborah Watkins, at Dallas City Hall, 1500 Marilla Street, Room 5D South, Dallas, Texas 75201.

4.    Defendant, Sergeant Frank Gorka (hereafter "Defendant Gorka"), is an officer of the City of Dallas Police Department and a citizen of the State of Texas. Defendant Gorka is sued individually for his actions undertaken while in the course and scope of his employment as a peace officer for the City of Dallas, and acting under color of state law. Defendant Gorka may be served with process at 2020 N. Lamar, Suite 300, Dallas, Texas 75201.

5.    Defendant, Corporal Rodney Nevils (hereafter "Defendant Nevils"), is an officer of the City of Dallas Police Department and a citizen of the State of Texas. Defendant Nevils is sued individually for his actions undertaken while in the course and scope of his employment as a peace officer for the City of Dallas, and acting under color of state law. Defendant Nevils may be served with process at 2020 N. Lamar, Suite 300, Dallas, Texas 75201.

## B. Jurisdiction

6.    The court has jurisdiction over the lawsuit because the suit arises under the First Amendment to the U.S. Constitution. Plaintiff was arrested while exercising his First Amendment rights of Freedom of Speech and right to peaceably assemble for selling his product regarding the assassination of former President John F. Kennedy in Dealey Plaza located in Dallas County, Texas and incarcerated, depriving Plaintiff of his liberty in

**PLAINTIFF'S ORIGINAL COMPLAINT**
**& APPLICATION FOR INJUNCTIVE RELIEF**                                    2

violation of the Fourteenth Amendment. The court also has jurisdiction over the lawsuit because the suit arises under 42. U.S.C. § 1983 because Plaintiff was arrested, as stated above, by Dallas Police Officers acting under color of law, whereby Plaintiff was deprived of his rights of free speech and to peaceably assemble which are secured by the U.S. Constitution.

### C. Venue

7.     Venue is proper in the Northern District of Texas under 28 U.S.C. § 1392(a)(1) because Defendants reside in this district. Defendant City of Dallas is a municipality located in Dallas county. Defendant Dallas Police Department is a governmental entity located in Dallas County. Defendants Gorka and Nevils are officers and agents for the Dallas Police Department who reside in Dallas County. Venue is also proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in Dallas County, Texas. All actions of which Plaintiff complains occurred in Dallas County, Texas.

### D. Statement of Facts

8.     Plaintiff is a recognized expert in photographic and cinematographic analysis and has been for almost half a century.

9.     In that capacity, he served as the expert for the U.S. Congress' House Select Committee on Assassinations where he was a key expert in the analysis of materials relating to the assassination of President John Fitzgerald Kennedy in Dallas on November 22, 1963.

10.    For the last 46 ½ years, Plaintiff has immersed himself in study of the assassination

of President Kennedy, including writing five (5) best- selling books on the subject as well

as other accomplishments.

11.    He is recognized as the world's leading expert on the photographic evidence in the

JFK case.

12.    He served as the chief consultant to Oliver Stone throughout the filming of the

movie, JFK.

13.    He is recognized as a leading critic of the Warrant Commission.

14.    He was the first person to bring the Zapruder film to national televison in 1975. His

efforts that year proved instrumental in forcing Congress to reopen the investigation of the

JFK assassination, including the creation of the House Select Committee on Assassinations

where he served as staff photographic consultant for three years.

15.    He also served as senior program consultant to the 1988 landmark British

documentary mini-series, *The Men Who Killed Kennedy*.

16.    In an effort to market and distribute the materials Plaintiff has developed in his

research to inform the public of what he has learned about the JFK assassination, Plaintiff

obtained a tour pass, as well as, properly and legally rented and procured a parking space in

a public parking lot adjacent to the area known as Dealey Plaza, the site of the assassination

of President John F. Kennedy, that has become a tourist attraction for visitors to Dallas who

are interested in learning more about the assassination.  An illustration of the Dealey Plaza

area showing the parking lot in question (as a brown rectangle in the far lower left hand portion of the image) is attached as Exhibit 1 and incorporated herein by reference for all purposes as if fully set forth verbatim.

17.     On weekends, Plaintiff sets up a portable table in a portion of the rented parking space and displays the publications and informational material he has for sale that relate to his analysis of the artifacts of the JFK assassination in an effort to inform the public of Plaintiff's theory of the truth about this historic and controversial American tragedy. The items offered for sale include a printed 46-page "Memorial Edition" of a magazine-style publication entitled *JFK The Case for Conspiracy*, and an "enhance DVD edition of Plaintiff's publication entitled "JFK The Case for Conspiracy The Assassination and Medical Evidence."

18.     On June 13, 2010, Plaintiff was approached at his parking space location by Dallas Police Officers, one being Defendant Gorka, who arrested Plaintiff claiming he had violated Dallas ordinances preventing the sale of books, magazines, and DVD's on the JFK assassination such as his, and incarcerated him for eight and one-half (8 ½) hours for what they admitted was a charge based upon a Class C misdemeanor. Also, the arresting officer wrongfully seized Plaintiff's property and such property continues to be wrongfully withheld by Defendant City. A true and correct copy of an e-mail listing the ordinances cited by the Dallas police in arresting Plaintiff is attached as Exhibit 2 and incorporated herein by references for all purposes as if fully set forth verbatim.

19.    Ordinances city to Plaintiff included:

     a.    Sec. 32-10. Sale of Merchandise

     b.    Sec. 32-11. Promulgation and Posting of Rules and Regulations

     c.    Sec. 50-156. Vendors on Public Property

     d.    Sec. 50-168. Certificate of Occupancy

20.    None of the said ordinances apply to Plaintiff's First Amendment activities.

Furthermore, even to the extent that one or more of the purported ordinances were argued

to be applicable, they are unconstitutionally vague and therefore, unenforceable as against

Plaintiff.

21.    Plaintiff was also told by the police that he would have to get a permit from the

Parks and Recreation Department. Upon inquiry, Plaintiff was told by the Parks and

Recreation Department that no such permit exists for the sale of books, magazines, and

DVD's in Dealey Plaza.

22.    Plaintiff was also told by the police that city employee Janet Hyde needed to be

contacted to obtain a required permit. When Plaintiff contacted Ms. Hyde, she represented

to Plaintiff that no such permit was available for the sale of books, magazines, and DVD's

in Dealey Plaza.

23.    Additionally, Plaintiff went to the Dallas City Hall in his attempt to comply with any

lawful requirement necessary for his continued operation of his sales efforts. No one at any

of those offices was able to identify any requirement that Plaintiff had not already met or to

delineate any requirement that needed to be met for the continued operation of his business.

24.     On June 19, 2010, Plaintiff asked the undersigned attorney to accompany him to his Dallas sales location in the event of recurrent harassment by members of the Dallas Police Department to prevent a recurrence of his arrest of the previous week.

25.     After Plaintiff had been open for business for approximately forty-five minutes, two Dallas Police Officers, Defendants Gorka and Nevils, arrived along with a private security guard. Despite the entreaties of the undersigned attorney that Plaintiff was breaking no law, and violating no ordinance by his activities adjacent to Dealey Plaza. Plaintiff was forced by the officers to shut down his business operations or be arrested.

26.     The police officers continued to threaten to arrest Plaintiff if he made a sale until he left the area.

### E. Count 1 – Violation of Plaintiff's First Amendment Rights

27.     Plaintiff refers to and by such reference incorporates herein each, every, and all averments contained in paragraphs 1 through 26 hereinabove as though fully set forth at this point.

28.     Plaintiff has been denied his rights of Free Speech and Freedom of Assembly under the First Amendment of the Constitution of the United States. Plaintiff is a recognized and established expert in the assassination of President John Fitzgerald Kennedy and seeks, through the sale of the materials he has created and self-published, to inform the public of what he believes are the true facts of the assassination of the President.

29.    The actions of the City of Dallas, through their actions of the Dallas Police Department and their officers, have denied Plaintiff his First Amendment freedom of speech, prevented his lawful and peaceable assembly in a public place, violated Plaintiff's rights under the Fourteenth Amendment to not be deprived of liberty, as well as Plaintiff's Due Process Rights in arresting Plaintiff based on either no applicable ordinance or based upon unenforceable ordinances that are unconstitutionally vague.

30.    The actions by the police, because they were taken under color of law, are actionable under 42 U.S.C. 1983.

### F. Count 2 – Violation of Plaintiff's Fifth Amendment Rights

31.    Plaintiff refers to and by such reference incorporates herein each, every, and all averments contained in paragraphs 1 through 26 hereinabove as though fully set forth at this point.

32.    Defendants Gorka and Nevils, conspired to harass, arrest and incarcerate Plaintiff on bogus charges when both officers, knew, or should have known, that their actions violated Texas or Federal law and/or investigative custom. The officers also wrongfully seized and continue to wrongfully to withhold Plaintiff's property. The facts of this pretextual arrest give rise to Plaintiff's claims of false arrest and violation of his civil and constitutional rights under color of authority. These facts also give rise the Plaintiff's claim against Defendants Nevils and Gorka under 42 U.S.C § 1983 and 1985 for violation of his civil and constitutional rights under the First and Fourteenth Amendments of Constitution of United

States as well as its Due Process Clause.

33.    Plaintiff is therefore entitled to damages, reasonable attorney's fees and cost

pursuant to Texas and Federal law.

34.    Further, the various violations were perpetrated under color of law in violation of 42

U.S.C. §1983 of the United States Code in knowing violation of Plaintiff's civil and

constitutional rights.

### G. Count 3 – False Imprisonment

35.    Plaintiff refers to and by such reference incorporates herein each, every, and all

averments contained in paragraphs 1 throughout 26 hereinabove as though fully set forth at

this point.

36.    On June 13, 2010, Plaintiff was falsely imprisoned for a period of eight and one half

(8 ½) hours for a Class C Misdemeanor for which he should have been issued a simple

appearance.

37.    Plaintiff is entitled to damages, reasonable attorney's fees and costs pursuant to

Texas and Federal law.

### H. Count 4 – Malicious Prosecution

38.    Plaintiff refers to and by such references incorporates herein each, every, and all

averments contained in paragraphs 1 through 26 hereinabove as though fully set forth at this

point.

39.    The facts of Plaintiff's arrest and incarceration also give rise to Plaintiff's claims against Defendant Gorka under 42 U.S.C. §§ 1983, 1985, for violation of his civil and constitutional rights under the Fourth, Eighth and Fourteenth Amendments of Constitution of the United States as well as its Due Process Clause.

40.    Plaintiff is entitled to damages, reasonable attorney's fees and costs pursuant to Texas law as a result of the malicious prosecution by and/or as a result of Defendants' actions.

41.    The true basis of Plaintiff's arrest and the motives of other actors in the conspiracy to prevent Plaintiff from selling his wares will be ascertained in the conspiracy.

42.    Plaintiff is entitled to damages, reasonable attorney's fees and cost pursuant to Texas and Federal statutes.

I. Count 5 – Violation of Plaintiff's Civil and

Constitutional Rights under Color of Law pursuant 42 U.S.C. § 1983

43.    Plaintiff refers to and by such reference incorporates herein each, every, and all averments contained in paragraphs 1 through 26 hereinabove as though fully set forth at this point.

44.    42 U.S.C. § 1983, commonly referred to as "section 1983" provides: "Every person who under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

injured in an action at law, suit in equity, or other proper proceeding for redress..."

45.     Section 1983 was enacted on April 20, 1871 as part of the Civil Rights Act of 1871,

and is also known as the "Klu Klux Klan Act" because one of its primary purposes was to

provide a civil remedy against the abuses that were being committed in the southern states,

especially by the Ku Klux Klan. While the existing law protected all citizens in theory, its

protection in practice was unavailable to some because those persons charged with the

enforcement of the laws were unable to some because those persons charged with the

enforcement of the laws were unable or unwilling to do so. The Act was intended to provide

a private remedy for such violations of federal law, and has subsequently been interpreted

to create a species of tort liability. As such, it is applicable here as is Plaintiff's application

for a temporary and permanent injunction based on the facts of this complaint.

J. Request for Preliminary Injunction

46.     Plaintiff will likely suffer irreparable injury if defendant is not enjoined while this

suit is pending from depriving Plaintiff of his Constitutional rights.

47.     There is no adequate remedy at law because the activity engaged in by Plaintiff is

Plaintiff's livelihood and Plaintiff's only source of income. Additionally, if arrested and

incarcerated again, Plaintiff would be losing hours or days of his life, liberty and pursuit

of happiness which are unable to regain.

48.     There is a substantial likelihood that plaintiff will prevail on the merits because

Defendants actions are a direct violation of Plaintiff's constitutional rights; specifically,

Plaintiff's First Amendment rights of free speech and to peaceably assemble, as well as Plaintiff's Fourteenth Amendment right to not be deprived of liberty without due process of law.

49.    The harm faced by Plaintiff outweighs the harm that would be sustained, if any, by Defendants if the preliminary injunction were granted. Defendants will not be harmed because Plaintiff is an expert in the field of which he is engaged. Plaintiff's continuation of his business and exercise of his First Amendment rights will not adversely affect Defendants, but will educate interested persons of alternate theories regarding the assassination of former President John F. Kennedy

50.    Issuance of a preliminary injunction would not adversely affect the public interest because Plaintiff is an expert in the analysis of materials relating to the assassination of President John Fitzgerald Kennedy, and Plaintiff's business of selling books, magazines, and DVD's are educational resources for the public.

51.    Plaintiff asks the court to set his application for preliminary injunction for hearing at the earliest possible time and, after hearing the request, to issue a preliminary injunction against Defendants.

### K. Request for Permanent Injunction

52.    Plaintiff asks the court to set his application for injunctive relief for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against Defendants.

## L. Prayer

53.   For these reasons, Plaintiff asks that the court do the following:

a.     Enjoin Defendants from prohibiting, preventing, hindering or encumbering Plaintiff, in any way, from engaging in his lawful trade which directly violates Plaintiff's First Amendment rights secured by the U.S. Constitution.

b.     Enjoin Defendants from arresting and/or incarcerating Plaintiff in violation of his right to liberty.

c.     Enjoin Defendants from seizing, taking, or holding any property owned or possessed by Plaintiff.

d.     Enjoin Defendants from citing and/or issuing tickets and/or citations to Plaintiff in violation of his right to due process.

e.     Enjoin Defendants from enforcing any purported City ordinance or State law against Plaintiff, which is inapplicable to Plaintiff's activities in Dealey Plaza and/or which are void for vagueness.

f.     Enter judgment for Plaintiff.

g.     Award general, special, and punitive damages in sums to be proved at trial.

h.     Award costs of court and reasonable attorney's fees

I.     Grant any other relief this Court may deem just and proper.

Respectfully submitted,
Law Office of Alex R. Tandy
777 Lonesome Dove Trail
Suite A
Hurst, TX 76054
Tel: (817) 281-1600
Fax: (817) 485-7588

By: _____
      Alex R. Tandy
      State Bar No. 19635000

EXHIBIT 1

*Dealey Plaza from the southeast, looking towards TSBD with the limo at the Z-224 position. fixed objects noted.*



Criminal Courts

County Records

Houston Street

Main Street

Moorman/Hill

Altgens

TSBD

Elm Street

Pergola

Zapruder

Triple Underpass



**Date:** Mon, June 21, 2010 12:32:08 PM

**Subject:** Dealey Plaza ordinances

### SEC. 32-10.    SALE OF MERCHANDISE.

It shall be unlawful for any person to sell or offer for sale any food, drinks, confections, merchandise or services in areas under the control of the park board unless such person has a written agreement or a permit issued from the office of the park board permitting the sale of such items. Application for such agreements or permits shall be made to the office of the park board. (Ord. 8019)

### SEC. 32-11.    PROMULGATION AND POSTING OF RULES AND REGULATIONS.

The park board shall adopt such rules and regulations as it deems best for the management of the public parks and where such rules have been adopted for a specific park area and posted within the specific park so regulated, any person found guilty of violating such rules is guilty of an offense. (Ord. Nos. 8019; 19963)

### SEC. 50-156.    VENDORS ON PUBLIC PROPERTY.

(a)    A person commits an offense if he, either personally or through an agent, occupies public property in the city for the purpose of selling, distributing, or offering for sale services or goods, including, but not limited to, food, drinks, flowers, plants, tickets, or souvenirs.

(b)    It is a defense to prosecution under this section that the person selling, distributing, or offering for sale services or goods:

(1)    is doing so in connection with the transaction of official government business;

(2)    is doing so by authority of a contract with the city to operate a concession on designated areas of public property;

(3)    is selling, distributing, or offering for sale only periodicals from a coin-operated machine by authority of a license to operate the machine;

(4)    is selling, distributing, or offering for sale goods or services from a vehicle by authority of and in compliance with a CBD concession license and location permit as provided for in this article;

(5)    is selling, distributing, or offering for sale vegetables, produce, or other perishable commodities in the area designated as the municipal produce market in compliance with Chapter 29 of this code;

(6)    is selling, distributing, or offering for sale a food or beverage from a mobile food unit in accordance with Section 50-156.1 <http://www.amlegal.com/nxt/gateway.dll?f=id$id=The%20Dallas%20City%20Code%3Ar%3A5bc7$cid=texas$t=document-frame.htm$an=JD_50-156.1$3.0#JD_50-

(A)   the vendor has the written permission of an owner of the private property on which the business is conducted;

(B)   the vendor's business operation does not or will not violate any applicable laws or regulations; and

(C)   the vendor does not use in the conduct of his business any structure affixed to the ground which violates any code of the city, including, but not limited to, the building or plumbing code of the city; or

(3)   possesses a CBD concession license, as provided for in this chapter, and:

(A)   the vendor has the written permission of an owner of the private property on which the business is conducted;

(B)   the vendor's business operation does not or will not violate any applicable laws or regulations; and

(C)   the vendor does not use in the conduct of his business any structure affixed to the ground which violates any code of the city, including, but not limited to, the building or plumbing code of the city.

(d)   For purposes of this section, BUILDING OFFICIAL means the person so designated under Section 2-71 <http://www.amlegal.com/nxt/gateway.dll?f=id$id=The%20Dallas%20City%20Code%3Ar%3Ab2eb$cid=texas$t=document-frame.htm$an=JD_2-71$3.0#JD_2-71> of this code. (Ord. Nos. 16309; 17675; 19455)

_____ Information from ESET NOD32 Antivirus, version of virus signature database 5215 (20100621) _____

The message was checked by ESET NOD32 Antivirus.

http://www.eset.com

156.1> of this code;

(7)   is selling, distributing, or offering for sale goods or services as authorized by a special event permit or a plaza event permit;

(8)   is selling, distributing, or offering for sale only printed matter that is not commercial printed matter, including, but not limited to, newspapers and magazines, and the selling, distributing, or offering for sale is not being conducted from machines or other structures that occupy public property;

(9)   is operating a vehicle for hire;

(10)   is selling, distributing, offering for sale, or delivering the goods or services to a person in a structure or vehicle that is affixed to the ground, or to a person who possesses a special event permit, a plaza event permit, or a CBD concession license; or

(11)   is not receiving remuneration from the person being given the service or product, and the person distributing the goods or services does not use any type of vehicle or stand, any part of which touches the ground, when distributing the goods or services, and the method of distribution does not interfere with traffic flow on public streets or sidewalks.

(c)   In addition to any enforcement action by a peace officer or the director for a violation of this section, any person who is a victim of an act prohibited under this section, or who witnesses a violation of this section, may file a complaint with the city attorney. Evidence to support a conviction for a violation of this section may include, but is not limited to, testimony of witnesses, videotape evidence of the violation, and other admissible evidence. (Ord. Nos. 16309; 16835; 17675; 18702; 19517; 19895; 25213)

SEC. 50-168.   CERTIFICATE OF OCCUPANCY.

(a)   No person shall occupy any privately owned property, his own or another's, for the purpose of vending goods or services within the city, unless he  possesses a certificate of occupancy issued by the building official or is conducting his business on the property in a structure which does not violate any code of the city, including, but not limited to, the zoning, building, or plumbing code of the city. (Ord. 16309)

(b)   Holders of certificates of occupancy shall comply with all the applicable rules and regulations provided for in the Dallas Building Code. If a holder of a certificate of occupancy fails to comply with any of the applicable regulations provided in the building code, his certificate of occupancy shall be revoked by the building official.

(c)   It is a defense to prosecution under this section that the person:

(1)   is conducting an occasional sale, commonly known as a garage sale, as defined in the Dallas Development Code;

(2)   possesses a mobile food unit permit issued under Chapter 17 of this code or a vendor's permit for dairy food products in compliance with Chapter 26 of this code, and