UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT GRODEN, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 3:10-CV-1280-F |
| CITY OF DALLAS, et al. | § | |
| Defendants. | § | |

### DEFENDANT FRANK GORKA'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND

TO THE HONORABLE COURT:

Defendant Frank Gorka ("Gorka" or "Defendant") files his answer to Plaintiff's Original Complaint and Application for Injunctive Relief ("Complaint") (doc.1), and would show as follows:

**I.**

**ANSWER**

1.1    With respect to the allegations contained in paragraph 1 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph number 1 of the Complaint.

1.2    With respect to the allegations contained in paragraph number 2 of the Complaint, Defendant pleads as follows:

1.2.1    Defendant admits the allegations contained in the first sentence of paragraph number 2 of the Complaint.

1.2.2    The second sentence of paragraph number 2 of the Complaint contains propositions and conclusions of law to which no answer is required. To the extent an answer is nonetheless required, Defendant denies the allegations, as stated, and admits

that officers Gorka and Nevils were employed by the City of Dallas and acted within the course and scope of their employment during their encounters with Plaintiff in June 2010.

1.2.3   The third sentence of paragraph number 2 of the Complaint contains propositions and conclusions of law to which no answer is required.  To the extent an answer is nonetheless required, Defendant denies the allegations as stated, and admits that the City of Dallas is a home rule city and has a city manager form of government, and denies that it bears any responsibility or liability to Plaintiff pursuant to 42 U.S.C. Section 1983.

1.2.4   Defendant admits the allegations contained in the fourth sentence of paragraph number 2 of the Complaint.

1.4   With respect to the allegations contained in paragraph number 4 of the Complaint, Defendant pleads as follows:

1.4.1   Defendant admits the allegations contained in the first sentence of paragraph number 4 of the Complaint.

1.4.2   The second sentence of paragraph number 4 of the Complaint contains propositions and conclusions of law to which no answer is required.  To the extent an answer is nonetheless required, Defendant denies the allegations as stated, and admits that he acted in the course and scope of his employment as a peace officer for the City of Dallas and under color of law during his encounters with Plaintiff on June 12, 13, 14, and 19, 2010.

1.4.3   Defendant admits the allegations contained in the third sentence of paragraph number 4 of the Complaint.

1.5     With respect to the allegations contained in paragraph number 5 of the Complaint, Defendant pleads as follows:

1.5.1    Defendant admits the allegations contained in the first sentence of paragraph number 5 of the Complaint.

1.5.2    The second sentence of paragraph number 5 of the Complaint contains propositions and conclusions of law to which no answer is required.  To the extent an answer is nonetheless required, Defendant denies the allegations as stated, and admits that Nevils acted in the course and scope of his employment as a peace officer for the City of Dallas and under color of law during his encounter with Plaintiff on June 19, 2010.

1.5.3    Defendant admits the allegations contained in the third sentence of paragraph number 5 of the Complaint.

1.6     With respect to the allegations contained in paragraph number 6 of the Complaint, Defendant pleads as follows:

1.6.1    The first sentence of paragraph number 6 of the Complaint contains propositions and conclusions of law to which no answer is required.  To the extent an answer is nonetheless required, Defendant denies the allegations as stated, but admits that the court has jurisdiction over this lawsuit.

1.6.2    With respect to the allegations contained in the second sentence of paragraph number 6 of the Complaint, Defendant denies the allegations, as stated, and admits that Plaintiff was arrested on June 13, 2010, for violating Dallas City Ordinance 32-10.

1.6.3    The third sentence of paragraph number 6 of the Complaint, contains propositions and conclusions of law to which no answer is required.  To the extent an answer is nonetheless required, Defendant denies the allegations as stated, but admits that the court has jurisdiction over this lawsuit.

1.7     Defendant denies that he is a resident of Dallas County, denies that the Dallas Police Department is a defendant, lacks knowledge or information sufficient to form a belief as to the truth of the allegation as to officer Nevil's residence, and admits the remaining allegations contained in paragraph number 7 of the Complaint.

1.8     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph number 8 of the Complaint.

1.9     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the vague allegations contained in paragraph number 9 of the Complaint.

1.10    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the vague allegations contained in paragraph number 10 of the Complaint.

1.11    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph number 11 of the Complaint.

1.12    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the  allegations contained in paragraph number 12 of the Complaint.

1.13    Defendant denies the allegations contained in paragraph number 13 of the Complaint.

1.14    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph number 14 of the Complaint.

1.15    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph number 15 of the Complaint.

1.16    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph number 16 of the Complaint.

1.17    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph number 17 of the Complaint.

1.18    With respect to the allegations contained in paragraph number 18 of the Complaint, Defendant pleads as follows:

1.18.1  Defendant denies, as stated, the allegations contained in the first sentence of paragraph number 18 but admits that Plaintiff was arrested on the patio of Dealey Plaza on June 13, 2010.

1.18.2  Defendant denies, as stated, the allegations contained in the second sentence of paragraph number 18 and admits that certain evidence was lawfully seized during Plaintiff's arrest at Dealey Plaza.

1.18.3  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph number 18 of the Complaint.

1.19    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the unintelligible allegations contained in paragraph number 19 of the Complaint.

1.20    Defendant denies the allegations contained in paragraph number 20 of the Complaint.

1.21    Defendant denies, as stated, the allegations contained in paragraph number 21 of the Complaint and further pleads that Defendant advised Plaintiff he would have to get a permit

or permission from the Parks Department of the City of Dallas to sell merchandise at Dealey Plaza.

1.22    With respect to the allegations contained in paragraph number 22 of the Complaint, Defendant pleads as follows:

1.22.1  With respect to the allegations contained in first sentence of paragraph number 22, Defendant admits he advised Plaintiff to contact City of Dallas employee Janet Hyde for a permit to sell merchandise in Dealey Plaza.

1.22.2  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph number 22 of the Complaint.

1.23    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph number 23 of the Complaint.

1.24    Defendant denies, as stated, the allegations contained in paragraph number 24 of the Complaint.

1.25    With respect to the allegations contained in paragraph number 25 of the Complaint, Defendant admits that on June 19, 2010, officer Nevils requested that he come to Dealey Plaza.  When Defendant arrived at Dealey Plaza, Defendant observed a private security guard and officer Nevils, and denies, as stated, the remaining allegations.

1.26    Defendant denies the allegations contained in paragraph number 26 of the Complaint.

1.27    Paragraph 27 of the Complaint incorporates by reference the allegations contained in the preceding paragraphs of the Complaint.  Therefore, Defendant incorporates by reference

his answers to those paragraphs as set forth above, and denies the remaining allegations stated in that paragraph.

1.28    With respect to the allegations contained in paragraph number 28 of the Complaint, Defendant pleads as follows:

1.28.1 Defendant denies the allegations contained in the first sentence of paragraph number 28 of the Complaint.

1.28.2  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph number 28 of the Complaint.

1.29    Defendant denies the allegations contained in paragraph number 29 of the Complaint.

1.30    Defendant denies the allegations, as stated, in paragraph number 30 of the Complaint.

1.31    Paragraph 31 of the Complaint incorporates by reference the allegations contained in the preceding paragraphs of the Complaint.   Therefore, Defendant incorporates by reference his answers to those paragraphs as set forth above, and denies the remaining allegations stated in that paragraph.

1.32    Defendant denies the allegations in paragraph number 32 of the Complaint.

1.33    Defendant denies the allegations contained in paragraph number 33 of the Complaint.

1.34    Defendant denies the allegations contained in paragraph number 34 of the Complaint.

1.35     Paragraph 35 of the Complaint incorporates by reference the allegations contained in the preceding paragraphs of the Complaint.  Therefore, Defendant incorporates by reference his answers to those paragraphs as set forth above, and denies the remaining allegations stated in that paragraph.

1.36     Defendant denies the allegations contained in paragraph number 36 of the Complaint.

1.37     Defendant denies the allegations contained in paragraph number 37 of the Complaint.

1.38     Paragraph 38 of the Complaint incorporates by reference the allegations contained in the preceding paragraphs of the Complaint.  Therefore, Defendant incorporates by reference his answers to those paragraphs as set forth above, and denies the remaining allegations stated in that paragraph.

1.39     Defendant denies the allegations contained in paragraph number 39 of the Complaint.

1.40     Defendant denies the allegations contained in paragraph number 40 of the Complaint.

1.41     Defendant denies the allegations contained in paragraph number 41 of the Complaint.

1.42     Defendant denies the allegations contained in paragraph number 42 of the Complaint.

1.43     Paragraph 43 of the Complaint incorporates by reference the allegations contained in the preceding paragraphs of the Complaint.  Therefore, Defendant incorporates by reference

his answers to those paragraphs as set forth above, and denies the remaining allegations stated in that paragraph.

1.44    Paragraph number 44 of the Complaint contains propositions and conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies that Plaintiff is entitled to any relief pursuant to 42 U.S.C. Section 1983.

1.45    Paragraph number 45 of the Complaint contains propositions and conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies that Plaintiff is entitled to any relief pursuant to 42 U.S.C. Section 1983.

1.46    Defendant denies the allegations contained in paragraph number 46 of the Complaint.

1.47    Defendant denies the allegations contained in paragraph number 47 of the Complaint.

1.48    Defendant denies the allegations contained in paragraph number 48 of the Complaint.

1.49    Defendant denies the allegations contained in paragraph number 49 of the Complaint.

1.50    Defendant denies the allegations contained in paragraph number 50 of the Complaint.

1.51    Defendant denies the allegations contained in paragraph number 51 of the Complaint.

1.52    Paragraph number 52 of the Complaint contains a request for equitable relief to which no answer is required.  To the extent an answer is nonetheless required, Defendant denies that Plaintiff is entitled to any equitable relief.

1.53     With respect to the petitions contained in the prayer for relief, Defendant denies that Plaintiff is entitled to any relief.

## II.

## DEFENSES AND AFFIRMATIVE DEFENSES

2.1     Defendant pleads that Plaintiff has failed to state a claim upon which relief can be granted against him under the First, Fifth, Eighth, and Fourteenth Amendments to the Constitution and under 42 U.S.C. Section 1985.

2.2     Defendant pleads that reasonable suspicion existed that Plaintiff had committed a criminal offense, justifying his detention.

2.3     Defendant pleads that probable cause existed to arrest Plaintiff.

2.4     Defendant pleads that the detention and arrest of Plaintiff was conducted lawfully, was objectively reasonable, and did not violate clearly established law of which a reasonable person would have known.

2.5     Defendant pleads the equitable doctrine of unclean hands.

2.6     Defendant pleads that he is a public or government official, to wit, a police officer, employed at the time of the incident in question by the City of Dallas; is entitled to qualified and official immunity from suit and from damages in the present cause; and that on the occasion in question, he acted without malice; without an intent to deprive Plaintiff of any legally protected rights; with a reasonable good faith belief that his actions were lawful, proper, and within and pursuant to the scope of his discretionary authority as a police officer; and that he did not violate clearly established law of which a reasonable person would have known. In support of his assertion of the defenses of qualified and official immunity, Defendant pleads as follows:

2.6.1    On June 12, 2010, and at all relevant times, Sergeant Frank Gorka was a public official, a Texas Commission on Law Enforcement Officer Standards and Education (TCLEOSE) certified peace officer employed by the City of Dallas police department. Gorka had been a Dallas police officer for approximately 31 years.

2.6.2    On June 12, 2010, while on uniformed patrol duty, Gorka received a complaint that illegal vending was being conducted in Dealey Plaza on the grassy knoll.   At the scene, Gorka observed two people selling papers and videos in Dealey Plaza.   Gorka spoke with Mr. Mark A. Oakes and Mr. Robert Groden, determined that neither individual had a permit to sell merchandise in the park, and warned both individuals not to set up tables and sell their merchandise on Dealey Plaza. Mr. Oakes complied; Mr. Groden asked Sgt. Gorka if he was going to write a citation, and Gorka replied "no."   Mr. Groden stated that he had prevailed on previous citations because Dealey Plaza was not a Dallas park and thus the Dallas ordinance was not enforceable.   Gorka called Stephen Worden, District Park Maintenance Manager of the Dallas Parks and Recreation Department.   Mr. Worden confirmed to Gorka that Dealey Plaza was a city park, and that no one is authorized to sell anything on the park without a permit.

2.6.3    On June 13, 2010 at about 1:30 p.m., Gorka again received information that Mr. Groden was selling merchandise without a permit on park property at Dealey Plaza.   Gorka observed Groden sell two JFK magazines from a table set up on the grassy knoll.   Groden was then arrested for violating Dallas City Code Section 32-10, which prohibits the sale of merchandise in a Dallas park without a permit or written agreement.   Groden had neither.   Merchandise and furniture were seized as evidence and placed in the Dallas Police Department property room.    Mr. Groden was handcuffed with an extra set of handcuffs to accommodate his request that one of his wrists was injured from a motor vehicle accident several years ago.   Gorka advised Groden not to twist his wrists so as to minimize contact with the metal handcuffs.   Groden was transported without incident to the Lew Sterrett Justice Center, about three blocks away.

2.6.4    On June 14, 2010 in the afternoon, Gorka saw Groden with Mr. Marshall Evans sitting in Dealey Plaza, but not selling any merchandise.   Evans told Gorka that Groden's arrest of June 13, 2010, was necessary in order to commence a legal suit.   Gorka took no enforcement action.   Groden stated he stayed in jail for 8 ½ hours and had entered a plea of not guilty in municipal court.

2.6.5     On June 19, 2010 at about 1:00 p.m., Dallas police officer Rodney Nevils responded to a call from the downtown safety patrol dispatcher to a parking lot near Dealey Plaza regarding a disagreement on the right of usage of a parking space.   Gorka was also dispatched to the scene.   At the scene, both officers were advised by Kevin Johnson that Johnson had observed Groden sell some merchandise from his parked vehicle.   Johnson explained that he was a security guard and that such commercial activity was not permitted there.   During Gorka's

investigation, Groden showed Gorka a letter and parking pass from the parking lot granting him permission to occupy the parking space.  Although the pass clearly gave Groden parking privileges, it did not specifically give him the right to sell goods or services from that space.

2.6.6   Mr. Alex Tandy introduced himself as Mr. Groden's counsel and stated that attempts to acquire a vending permit from the City of Dallas had not been successful.  Kevin Johnson told them that the parking lot is owned by the Sixth Floor Museum which leases it to a private parking company which in turn collects a fee from parking patrons.

2.6.7   Johnson also stated to the best of his knowledge, Groden did not have permission to sell goods or services from the parking space.  Gorka advised Groden that until he could produce an official document granting vending privileges, he would have to refrain from selling from his parking space.  Gorka did not observe Groden sell any merchandise but did observe from the rear of Groden's vehicle, an open box which appeared to have a large quantity of DVDs.

2.6.8   At all relevant times, Gorka believed that his actions were lawful and justified by the facts known to him and the applicable law relating to the Fourth Amendment, search and seizure activities of the police, and use of force.

2.7      A reasonable police officer, possessing the information known to Gorka at the time, could have believed that it was lawful to detain and arrest Plaintiff in the manner and for the purpose performed by Gorka on June 13, 2010, and lawful to investigate the incident on June 19, 2010, in the parking lot.  Even if the City ordinances at issue are constitutionally infirm, a reasonable officer would not have known that, and both state and federal law permit custodial arrests for class C misdemeanors.   Therefore, Gorka's conduct as described above was objectively reasonable.

2.8      Gorka's actions, as described in paragraphs 2.6.2 through 2.6.7, inclusive, were objectively reasonable, in that a reasonable police officer could have determined that Gorka's actions, under the facts and circumstances as then known by Gorka, were reasonable, prudent, and did not violate clearly established law.

### III.

### JURY DEMAND

3.1     Defendant demands trial by jury as to all issues so triable.

WHEREFORE, Defendant Frank Gorka prays that Plaintiff take nothing by this suit, that all relief requested by Plaintiff be denied, that Gorka recover all costs of suit and attorney's fees, and for such other and further relief, general or special, at law or in equity, to which Gorka is entitled.

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

JAMES C. BUTT
Assistant City Attorney
Texas Bar No. 24040354
james.butt@dallascityhall.com
JASON G. SCHUETTE
Executive Assistant City Attorney
Texas Bar No. 17827020
jason.schuette@dallascityhall.com
JAMES B. PINSON
Assistant City Attorney
Texas Bar No. 16017700
james.pinson@dallascityhall.com

1500 Marilla Street, 7CN
Dallas, Texas 75201
214.670.3519
214.670.3515 – Fax

By:  /S/ James C. Butt
        Assistant City Attorney

Attorneys for Defendant Gorka

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2010, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means.

Alex R. Tandy
Attorney at Law
777 Lonesome Dove Trail
Hurst, Texas 76054
*Attorney for Plaintiff*

/S/  James C. Butt
James C. Butt